## In re MINNESOTA INTOXILYZER 5000EN SOURCE CODE LITIGATION.

### No. A11–0560.

Supreme Court of Minnesota.

June 27, 2012.

### ORDER

In November 2009, the Commissioner of Public Safety (the "Commissioner") filed a motion pursuant to Minn. R. Gen. Prac. 113.03 for assignment, to a single judge or a panel of judges, of all pending and future implied consent cases in which the petitioner challenges the reliability of Intoxilyzer 5000EN results based on allegedly defective source code for the Intoxilyzer 5000EN. The Cities of Apple Valley, Bloomington, Brooklyn Center, Corcoran, Golden Valley, Greenfield, Hassan, Hanover, Hopkins, Independence, Maple Grove, Maple Plain, Minneapolis, Minnetonka, Plymouth, Robbinsdale, and Rogers, and the Minnetonka Conservation District (the "Cities") also filed a motion for assignment to a single judge or a panel of judges, of criminal Driving While Impaired ("DWI") cases pending in their jurisdictions that involve Intoxilyzer 5000EN source code challenges, together with the implied consent cases.

On January 11, 2010, we granted the motions of the Commissioner and the Cities, assigning the Honorable Jerome B. Abrams of the First Judicial District to administer, hear, and decide all pretrial matters concerning challenges to the reliability of Intoxilyzer 5000EN results based on the source code of the instrument in all pending and future civil implied consent cases in which a party challenges the reliability of Intoxilyzer 5000EN results based on the source code of the instrument. *In re Minnesota Intoxilyzer 5000EN Source Code Litigation,* No. A09–2109, Order at 3 (Minn. filed Jan. 11, 2010). We also as-signed Judge Abrams to administer, hear, and decide all pretrial matters involving Intoxilyzer 5000EN source code challenges in all pending and future criminal DWI cases in which the prosecuting authority and defendant provide Judge Abrams written notice of their consent to the assignment. *Id.* at 4.

The civil implied consent petitioners and criminal DWI defendants, who were assigned to Judge Abrams, filed a joint pretrial motion to exclude all test results produced by the Intoxilyzer 5000EN instrument in their individual trials or hearings. After an evidentiary hearing, Judge Abrams ruled that: (1) Intoxilyzer 5000EN test results that express a numerical value for measured breath alcohol are reliable, (2) challenges to those test results, which were premised on the source code defects alleged at the evidentiary hearing, were overruled and evidence relating to those challenges would not be allowed at the individual appellants' trials or hearings, and (3) Intoxilyzer 5000EN test results that report a "deficient sample" while running the 75–0240 software are unreliable and should not be allowed unless there is other evidence or observations that support the sample being deficient.

We affirmed Judge Abrams's pretrial rulings. *In re Source Code Evidentiary Hearings,* 816 N.W.2d 525, 527–28 (Minn. 2012). In light of that decision, it appears that the purpose of the January 11, 2010, assignment order has been fulfilled, and the assignment order should therefore be terminated.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that if any party that has participated in this proceeding contends that the criteria of Minn. R. Gen. Prac. 113 warrant continuation of the January 11, 2010 Order, the party may

serve and file an informal memorandum with the Clerk of Appellate Courts within 21 days of the date of the filing of this order, explaining why the statewide assignment to Judge Abrams of all pretrial matters concerning challenges to the reliability of Intoxilyzer 5000EN results based on the source code of the instrument should continue.

BY THE COURT:

/s/_____

Lorie S. Gildea
Chief Justice